UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
AVERY WHITTLE,                              :
                        Plaintiff,          :
                                            :          **OPINION AND ORDER**
 v.                                         :
                                            :          15 CV 8875 (VB)
DR. ULLOA, N.P. USZYNSKI, WARDEN            :
VOLMER, GRIEVANCE COORDINATOR               :
SMILEY,                                     :
                        Defendants.         :
----------------------------------------------------------x

Briccetti, J.:

Plaintiff Avery Whittle, proceeding pro se, brings this Section 1983 prisoner civil rights

action alleging defendants N.P. Uszynski, Dr. Raul Ulloa, Captain W. Smiley, and Warden

Volmer (the last two of whom will be collectively referred to herein as the "County defendants")

were deliberately indifferent to plaintiff's medical needs in both their personal and official

capacities.  Liberally construed, the amended complaint (Doc. #17) also asserts state law claims

for medical malpractice and negligence against all defendants.

Now pending are defendants' motions to dismiss the amended complaint.  (Docs. ##27,

43).  For the following reasons, the County defendants' motion and Dr. Ulloa's motion are

GRANTED in their entireties.  N.P. Uszynski's motion is GRANTED in part and DENIED in

part.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motions, the Court accepts as true all well-pleaded allegations in

the amended complaint and draws all reasonable inferences in plaintiff's favor.  The following

facts are taken from the amended complaint and the document attached thereto,[1] plaintiff's opposition to defendants' motions to dismiss,[2] and Parts I and II of the grievance form.[3]

Plaintiff was detained at Westchester County Jail ("WCJ") at all relevant times. According to the amended complaint, on or about December 14, 2014, Dr. Aaron Roth, who is not a party to this lawsuit, surgically removed a cyst from the left side of plaintiff's neck at Montefiore Mt. Vernon Hospital in Mount Vernon, New York. Dr. Roth closed the surgical incision with thirty-six staples, and provided written instructions for WCJ staff to change plaintiff's bandages daily and to give plaintiff antibiotics and pain medication.

Upon returning to WCJ, N.P. Uszynski, a nurse at WCJ, read Dr. Roth's instructions and removed plaintiff's bandages. However, N.P. Uszynski allegedly failed to replace plaintiff's

---

[1]    Plaintiff filed his original complaint on November 10, 2015, asserting claims against a Jane Doe defendant, as well as Dr. Ulloa, Capt. Smiley, and Warden Volmer. (Doc. #1). After being informed of the identity of the John Doe defendant, plaintiff filed an amended complaint on April 4, 2016, replacing the Jane Doe defendant with N.P. Uszynski. (Doc. #17). The amended complaint is filed as one eleven-page document containing a completed Complaint form and a three-page summary of plaintiff's allegations. For ease of reference, the Court will cite to the page number as stamped by the ECF filing system at the top of each page.

[2]    In liberally construing a pro se plaintiff's complaint, it is generally appropriate to consider allegations made in plaintiff's opposition papers. See Samuels v. Fischer, 168 F. Supp. 3d 625, 645 n.11 (S.D.N.Y. 2016).

[3]    Along with their motions to dismiss, defendants submitted plaintiff's grievance form, which includes plaintiff's grievance (Part I) and the written denial of his grievance (Part II). (Docs. ##29-3, 45-2). Defendants notified plaintiff that in light of the additional materials, the Court may convert the instant motion to dismiss into a motion for summary judgment. (Docs. ##30, 39). However, in deciding a motion to dismiss, this Court may consider documents external to the complaint without converting the motion into one for summary judgment when "there [is] undisputed notice to [plaintiff] of [the documents'] contents and [the documents] were integral to [plaintiff's] claim." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Here, plaintiff signed both Part I and Part II and referenced both his own grievance and the denial of the grievance several times throughout his amended complaint. Accordingly, the Court may consider these documents in deciding the instant motion. For the same reasons, the necessity of translating this motion to dismiss into a motion for summary judgment on the basis that defendants rely on documents other than the amended complaint is "largely dissipated," and the Court will not do so. See id.

bandages, leaving plaintiff's stapled incision exposed to open air.  Plaintiff alleges that from December 14, 2014, through January 6, 2015, he was seen only twice by WCJ medical staff, and that his bandages were not changed during this period because the medical department claimed to be short-staffed due to the holidays.  Plaintiff alleges the failure to properly treat his incision caused it to become infected and severely swollen, resulting in severe pain.

On January 3, 2015, plaintiff filed an administrative grievance alleging the medical department did not provide him with proper treatment or create an adequate post-surgery treatment plan.  In response to this grievance, plaintiff states he was seen by Dr. Ulloa, the medical director of WCJ, who ordered that plaintiff's dressing be changed and plaintiff be given more effective medication.  Plaintiff further alleges that Capt. Smiley, the grievance coordinator, denied plaintiff's grievance, and Warden Volmer, the warden of WCJ, denied plaintiff's appeal of Capt. Smiley's denial.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.     Deliberate Indifference to Medical Needs Claim

Plaintiff alleges N.P. Uszynski was deliberately indifferent to his medical needs in violation of his constitutional rights.  To assert a claim for constitutionally inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This test has both an objective and a subjective component: plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question

acted with a "sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

    A.    <u>Objective Component</u>

The objective component has two subparts. "The first inquiry is whether the prisoner was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required. Salahuddin v. Goord, 467 F.3d at 279 (citing Farmer v. Brennan, 511 U.S. 825, 839-40 (1970)). "Second, the objective [inquiry] asks whether the inadequacy in medical care is sufficiently serious" by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." Salahuddin v. Goord, 467 F.3d at 280 (citing Helling v. McKinney, 509 U.S. 25, 32-33 (1993)). "A serious medical need arises where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Woods v. Goord, 2002 WL 731691, at *4 (S.D.N.Y. April 23, 2002) (quoting Chance v Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)) (internal quotation marks omitted).[4]

Regarding the first subpart, plaintiff has sufficiently alleged he was "actually deprived of adequate medical care." Of course, medical care is not inadequate simply because a plaintiff disagrees with the treating official's medical judgment. See Bolden v. Cnty. of Sullivan, 523 Fed. Appx. 832, 834 (2d Cir. 2013). Here, however, plaintiff does not simply disagree with the medical treatment rendered. According to the amended complaint, Dr. Roth provided specific written instructions for plaintiff's post-operative care, and N.P. Uszynski's treatment was allegedly blatantly deficient. Dr. Roth ordered that plaintiff be provided "antibiotics, pain relievers, and the daily changing of the bandages" to cover the "thirty-six staples to close the

---

[4]    Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

wound" left from the removal of a "large cyst lodged on the left side of his neck."  (Am. Compl. at 8).   Instead of following Dr. Roth's orders, N.P. Uszynski allegedly removed plaintiff's bandages and did not apply a new bandage, "leaving the plaintiff's recently stapled wound exposed."  (Am. Compl. at 8).  Whether N.P. Uszynski provided antibiotics at this time is also unclear.  Accordingly, plaintiff has sufficiently alleged that N.P. Uszynski's failure to replace his bandages deprived him of "reasonable care."  See Salahuddin v. Goord, 476 F.3d at 279.

Regarding the second subpart, "[t]he failure to provide treatment for an otherwise insignificant wound may violate the Eighth Amendment if the wound develops signs of infection, creating a substantial risk of injury in the absence of appropriate medical treatment." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003); see also Odom v. Kerns, 2008 WL 2463890, at *7 (S.D.N.Y. June 18, 2008) (holding a nurse's failure to adequately treat cuts that later became infected was sufficiently serious to satisfy the objective prong).

Plaintiff alleges N.P. Uszynski's deficient treatment caused his "wound to become infected and severely swollen with puss oozing out of the wound," which was so painful that it was difficult or impossible for plaintiff to sleep during the three weeks he was not treated according to Dr. Roth's orders.  (Am. Compl. at 9).  Moreover, the location of the infection on plaintiff's neck further supports the inference that the infection resulted in significant risk of further injury and pain for plaintiff.  Cf. Laguna v. Kwan, 2015 WL 872366, at *5 (S.D.N.Y. Jan. 28, 2015) ("The type of pain associated with a broken finger, and an infection in that finger, is not sufficiently serious.").  As such, plaintiff has plausibly alleged he experienced a serious medical need sufficient to satisfy the second subpart.

Accordingly, plaintiff has satisfied both subparts of the objective prong.

B.    <u>Subjective Component</u>

"[A] deliberate indifference claim can lie where prison officials deliberately ignore the medical recommendations of a prisoner's treating physicians." <u>Johnson v. Wright</u>, 412 F.3d 398, 404 (2d Cir. 2005) (citing <u>Gill v. Mooney</u>, 824 F.2d 192, 196 (2d Cir. 1987)).  Moreover, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." <u>Chance v. Armstrong</u>, 143 F.3d at 703 (internal quotation marks and citation omitted).

Plaintiff has sufficiently alleged N.P. Uszynski was deliberately indifferent to his medical needs.  Plaintiff alleges N.P. Uszynski disregarded Dr. Roth's instructions to change his bandages, and plaintiff's amended complaint indicates no medical justification for doing so.  Moreover, although defendants argue N.P. Uszynski disregarded Dr. Roth's instructions based on her medical judgment, this argument is contrary to plaintiff's allegation that, after plaintiff complained about his deficient treatment, plaintiff was told that he could not receive the ordered treatment because "it was the holidays and there was only a skeleton crew on, also that the doctor was not [at the jail]." (Am. Compl. at 9).  Thus, according to the amended complaint, N.P. Uszynski diverged from Dr. Roth's instructions because doing so was easier than implementing the instructions as written.  Liberally construed, plaintiff has alleged N.P. Uszynski was deliberately indifferent by choosing an "easier and less efficacious treatment plan." <u>Chance v. Armstrong</u>, 143 F.3d at 703 (internal quotation marks and citation omitted).

Accordingly, plaintiff has sufficiently pleaded facts that, if proven true, could satisfy both prongs of the deliberate indifference to medical needs standard.

III.    <u>Personal Involvement of Dr. Ulloa, Capt. Smiley, and Warden Volmer</u>

To state a claim under Section 1983, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.

Prior to <u>Ashcroft v. Iqbal</u>, a supervisor's personal involvement in a claimed constitutional violation could have been established by providing evidence of any one or more of the following five methods:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

<u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).  After <u>Ashcroft v. Iqbal</u>, however, district courts within this circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these methods remain viable.  <u>See</u> <u>Marom v. City of N.Y.</u>, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016) (collecting cases). The Second Circuit has yet to resolve this dispute.  <u>Id</u>.

Nevertheless, even assuming the validity of all five <u>Colon</u> methods, plaintiff's allegations fail adequately to plead the personal involvement of Dr. Ulloa, Capt. Smiley, and Warden Volmer for the following reasons.

A.      <u>Dr. Ulloa</u>

Plaintiff alleges that, as "head medical Doctor at Valhalla Dept. of Corrections," Dr. Ulloa "had an obligation to accommodate the plaintiff with proper medical attention post-surgery or delegate one of his subordinate[s] to do so."  (Am. Compl. at 9).  Plaintiff appears to seek the

8

imposition of supervisory liability based on "[t]he bare fact that [Dr. Ulloa] occupies a high position" at WCJ, which is insufficient to plead Dr. Ulloa's personal involvement.  Colon v. Coughlin, 58 F.3d at 873-74.

Moreover, plaintiff asserts Dr. Ulloa "intentionally delayed access to medical care by deliberately delaying treatment that was prescribed by Dr. Roth."  (Am. Compl. at 9).  However, plaintiff does not describe any specific actions or statements to support this allegation. Accordingly, this conclusory assertion is not entitled to the presumption of truth afforded well-pleaded allegations, Ashcroft v. Iqbal, 556 U.S. at 678, and thus fails to establish Dr. Ulloa's personal involvement under any of the five Colon methods.

In his opposition to defendants' motions to dismiss, plaintiff also alleges Dr. Ulloa personally treated him on January 3, 2015.  However, plaintiff acknowledges that Dr. Ulloa ordered plaintiff's dressing to be changed and provided him more effective pain medication after treating him.  Plaintiff does not claim this treatment was inadequate.  Plaintiff has therefore failed to allege that these actions deprived him of a constitutional right.

Accordingly, plaintiff has failed to allege Dr. Ulloa's personal involvement in any inadequate medical care under any of the Colon methods.

B.      County Defendants

Liberally construed, plaintiff alleges Capt. Smiley and Warden Volmer personally deprived plaintiff of his constitutional rights by denying plaintiff's administrative grievance, which "informed [them] of the violation through a report or appeal, [but] failed to remedy the wrong."  Colon v. Coughlin, 58 F.3d at 873.  These allegations fail to state sufficient personal involvement.

Courts in this circuit disagree over whether an allegation that a prison official received and denied an inmate's administrative grievance, without more, is sufficient to establish personal involvement. Sharma v. D'Silva, 157 F. Supp. 3d 293, 304 (S.D.N.Y. 2016) (collecting cases). Nevertheless, in determining whether such a denial establishes a defendant's personal involvement in a claim of deliberate indifference to medical needs, many courts have considered "(i) the precise nature of a defendant's response to a grievance letter and (ii) the nature of the defendant's employment (including the degree of oversight over the patient associated with the defendant's position)." Id. As such, a non-medical administrator's pro forma denial of a grievance based on deference to the opinions of medical staff does not establish that non-medical administrator's personal involvement. See Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002). Conversely, "[a] supervisor's detailed, specific response to a plaintiff's complaint suggests that the supervisor has considered the plaintiff's allegations and evaluated possible responses," and may therefore establish personal involvement. Mateo v. Fischer, 682 F. Supp. 2d 423, 430-31 (S.D.N.Y. 2010). The Court finds this reasoning persuasive.

Applying this reasoning, plaintiff's allegations fail to establish the County defendants' personal involvement. Plaintiff does not allege the County defendants provided a detailed or specific response. Instead, plaintiff claims the County defendants "in cahoots chose to deny the plaintiff's grievance without due diligence" and "without proper and an impartial investigation." (Am. Compl. at 9). This purported lack of investigation suggests the County defendants' denials were pro forma, and not sufficiently detailed or specific to establish personal involvement. Moreover, Part II of the grievance form, incorporated by reference in plaintiff's amended complaint, plainly indicates that a medical staff member was delegated to investigate plaintiff's grievance. The only indication either County defendant participated in this denial is Capt.

Smiley's signature at the bottom of the form.  This further shows that the County defendants' involvement, as non-medical personnel, was pro forma and deferential to the opinions of medical staff.

Accordingly, plaintiff has failed to allege the County defendants' personal involvement.

IV.    Claims Against Defendants in Their Official Capacities

Plaintiff asserts that he wishes to sue each defendant "in his or her official capacity." (Am. Compl. at 8).  In Hafer v. Melo, 502 U.S. 21, 25 (1991), the Supreme Court specified two types of lawsuits in which government officials are named as defendants.  The first type, "official-capacity suits[,] generally represent only another way of pleading an action against an entity of which an officer is an agent."  Id. at 25 (internal quotation marks and citations omitted). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law."  Id.  Plaintiff's attempt to sue defendants in their official capacities appears to be claims of the former type.

Nevertheless, plaintiff has not named Westchester County as a defendant.  Moreover, a municipality such as the County may be held liable under Section 1983 only "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Plaintiff has not alleged his injury was in any way related to the execution of a policy or custom.  Accordingly, this Court will not construe plaintiff's amended complaint as raising a claim against Westchester County because plaintiff does not appear to have even attempted to state such a claim, despite suing defendants in their official capacities.

V.    State Law Claims

Liberally construed, plaintiff's amended complaint contains state law tort claims for negligence and medical malpractice.  However, this Court does not have subject matter jurisdiction over these claims because plaintiff has failed to allege he served a notice of claim in compliance with N.Y. Gen. Mun. Law § 50-e(1), as required by id. § 50-i.  See Nieblas-Love v. N.Y.C. Hous. Auth., 165 F. Supp. 3d. 51, 76 (E.D.N.Y. 2016) (finding the failure to comply with N.Y. Gen. Mun. Law § 50-e(1) with respect to state law claims requires dismissal of the state law claims for lack of subject matter jurisdiction).  Accordingly, the Court dismisses these claims sua sponte.

VI.    Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a).  Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

However, even upon a liberal reading of the amended complaint, this Court finds no indication that a valid claim might be stated against Capt. Smiley, Warden Volmer, or Dr. Ulloa. Accordingly, plaintiff is not granted leave to amend his claims against these defendants.

**CONCLUSION**

The motions of defendants Ulloa, Smiley, and Volmer to dismiss are GRANTED in their entireties.

The motion of defendant N.P. Usznyski to dismiss is GRANTED as to the state law claims, and DENIED as to the Section 1983 claim.

12

The Clerk is instructed to terminate the motions (Docs. ##27, 43) and to terminate defendants Ulloa, Smiley, and Volmer.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated:  December 19, 2016
        White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge